**NATIONAL LABOR RELATIONS BOARD**, Petitioner,

v.

**WILMAPEG INDUSTRIES CORPORATION and Harry B. Carpenter**, Respondents.

No. 14303.

United States Court of Appeals
Sixth Circuit.

Oct. 9, 1961.

Order Amending Supplemental Decree
Oct. 18, 1961.

Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., Thomas Roumell, Director, Seventh Region National Labor Relations Board, Detroit, Mich., for petitioner.

C. Ralph Kohn, Morenci, Mich., for respondents.

See also 6 Cir., 282 F.2d 890.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

SUPPLEMENTAL DECREE.

This cause came on to be heard upon the supplemental petition of the National Labor Relations Board for summary entry of a Supplemental Decree against

the respondents herein, enforcing its orders of August 10, 1961. This Court has considered the entire transcript of record filed in this cause and on         being fully advised in the premises, issued its decision granting the supplemental petition and enforcing the Orders of the Board. In conformity therewith, it is hereby

Ordered, adjudged and decreed that the respondent, Wilmapeg Industries Corporation, through its trustee in bankruptcy, Yale L. Kerby, shall make whole the discriminatees named below in the amounts of backpay set opposite their names as follows:

| | |
|---|---|
| Kenneth Taylor | $ 452.11 |
| Mainard Gillespie | $1,008.00 |
| Elwood Rathbun | $ 455.12 |

It is further ordered, adjudged and decreed that the respondents, Wilmapeg Industries Corporation and Harry B. Carpenter, jointly and severally, pay the discriminatees named below the amounts of backpay set opposite their names as follows:

| | |
|---|---|
| Kenneth O'Brien | $ 40.00 |
| Stanley Bachelder | $ 60.00 |
| Harold Baumgardner | $ 70.00 |
| Vaughn Keller | $101.50 |
| John Watkins | $ 66.93 |

Order Amending Supplemental Decree

This matter having come on regularly to be heard upon filing of the annexed stipulation wherefrom it appears that the Supplemental Decree as heretofore entered in the above matter on October 9, 1961 included language therein ordering the trustee in bankruptcy for Wilmapeg Industries Corporation to make payment of the full amount of the sums therein set forth to the claimants named therein who were formerly employees of the said bankrupt corporation, and it appearing that the said Supplemental Decree should not have been directed against the said trustee in bankruptcy, but only against the said bankrupt corporation, and that such was the intention of the National Labor Relations Board pursuant to an understanding theretofore reached with the attorneys for the trustee in bankruptcy in said matter, and the entry of the within order amending said Supplemental Decree being prayed for by both the National Labor Relations Board and the trustee in bankruptcy, by and through their respective counsel, as set forth in the annexed stipulation, and this Court being fully advised in the premises,

Now, therefore, on motion of Bromberg & Robinson, attorneys for the trustee in bankruptcy of Wilmapeg Industries Corporation, and Marcel Mallet-Prevost, Assistant General Counsel of the National Labor Relations Board,

It is hereby ordered that the Supplemental Decree of September   , 1961 as entered in the within matter providing for the enforcement of orders of the National Labor Relations Board against respondent, Wilmapeg Industries Corporation, be and the same is hereby amended to read as set forth in the succeeding paragraphs hereof.

It is hereby further ordered that the respondent, Wilmapeg Industries Corporation, shall make whole the discriminatees named below in the amount of backpay set opposite their names as follows:

| | |
|---|---|
| Kenneth Taylor | $ 452.11 |
| Mainard Gillespie | $1,008.00 |
| Elwood Rathbun | $ 455.12 |

It is hereby further ordered that the respondents, Wilmapeg Industries Corporation and Harry B. Carpenter, jointly and severally, pay the discriminatees named below the amounts of backpay set opposite their names as follows:

| | |
|---|---|
| Kenneth O'Brien | $ 40.00 |
| Stanley Bachelder | $ 60.00 |
| Harold Baumgardner | $ 70.00 |
| Vaughn Keller | $101.50 |
| John Watkins | $ 66.93 |

It is hereby further ordered that the foregoing order shall not be construed as requiring the trustee in bankruptcy for Wilmapeg Industries Corporation to make a direct payment from the estate of that corporation to the persons named, but rather that the said trustee in bank-

ruptcy should confirm the said obligations of Wilmapeg Industries Corporation to the said persons as unsecured creditors of the bankruptcy estate, pursuant to the Proof of Claim as heretofore filed therein, and make payment to the said persons as unsecured creditors of said estate pursuant to the order of distribution to be entered therein by the Referees in Bankruptcy.

### Stipulation for Entry of Order Amending Supplemental Decree

Now come the National Labor Relations Board, by and through its undersigned Assistant General Counsel, and Wilmapeg Industries Corporation, by and through the undersigned attorneys for the trustee in bankruptcy thereof, and stipulate for the entry of the annexed order amending Supplemental Decree, and for such purpose state as follows:

1. That on October 9, 1961, pursuant to the petition of the National Labor Relations Board, a Supplemental Decree was entered by the United States Court of Appeals for the Sixth Circuit.

2. That in a portion of the said order it was inadvertently provided that the said respondent, Wilmapeg Industries Corporation, "through its trustee in bankruptcy, Yale L. Kerby, shall make whole the discriminatees named * *."

3. That due to the ambiguity of this language as stated in the said Supplemental Decree it may be construed that the trustee in bankruptcy of Wilmapeg Industries Corporation is ordered to make direct payment of the sums set forth in the said Supplemental Decree to the discriminatees therein named from the assets in the estate prior to payment of administration expenses or distribution to creditors.

4. That such result was not intended by the National Labor Relations Board in its entry of the said order, it being merely its intent to provide for the entry of the said decree against the bankrupt corporation in order that the said discriminatees could share in the distribution to unsecured creditors of the said bankruptcy estate upon the conclusion of the administration thereof, pursuant to an understanding heretofore reached by the National Labor Relations Board through its attorneys with the attorneys for the trustee in bankruptcy for said bankrupt corporation.

5. That a Proof of Claim was filed by the National Labor Relations Board in behalf of said discriminatees in the said bankruptcy estate in the United States District Court for the Eastern District of Michigan, Southern Division, in Bankruptcy, case number 45427 on November 9, 1960 in the amounts set forth in said Supplemental Decree, but as an unsecured claim, it being acknowledged by the National Labor Relations Board that the said persons have no preferred, priority or secured position in the said bankruptcy matter, but are merely unsecured creditors therein.

6. That it is therefore hereby stipulated that the annexed order amending the said Supplemental Decree be entered by the United States Court of Appeals for the Sixth Circuit in order to fully carry out the understanding of the petitioner and the said respondent.